IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELO MCCLEARY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-08-86-M |
| | ) |
| JESS T. SUTTER, JR., Warden, | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases, and for the following reasons, it is recommended that the petition be dismissed upon filing.[1]

Plaintiff is currently confined at the Northeastern Oklahoma Correctional Center where he is serving several sentences for possession of a controlled dangerous substance after former conviction of a felony. Case Nos. CF-2005-2434, CF-2005-4035, and CF-2005-5489, District Court of Oklahoma County, Dockets; Amended Petition, p. 2.[2] Petitioner did not directly appeal his convictions or sentences, or initiate state post-conviction proceedings collaterally attacking his convictions. Amended Petition, p. 3-4. By this action, Petitioner appears to be challenging not only the above criminal

---

[1] Petitioner filed an amended petition on February 12, 2008, and that is the petition before the Court.

[2] The page numbers are the preprinted page numbers in the upper right hand corner of the form petition. Page 2 is actually the first page of the petition.

convictions but also several prison disciplinary convictions, the conditions of his confinement during his incarceration at the Charles E. "Bill" Johnson Correctional Center ("BJCC"), and some juvenile proceedings in which his son was taken from Petitioner's wife and Petitioner's parental rights were apparently terminated.

Petitioner filed this action on a form used to initiate suit pursuant to 28 U.S.C. § 2254. Amended Petition, p. 2. As his first "Ground" of relief, Petitioner claims "malicious prosecutions." Id. at 6. For his second ground for relief Petitioner states that he has attached a five page statement that should explain presumably his additional grounds. Id. at 7.[3] In documents attached to the amended petition entitled "Motion Extortion and Blackmail," "Corporal Punishment, Racial Discrimination," and "Criminal Life Endangerment," Petitioner appears to complain about some juvenile proceedings in the District Court of Oklahoma County involving his son and he alleges that he is "suffering reprisals and effects of a class 'X' misconduct write up on a fabricated menacing charge . . . ." Petitioner also appears to complain that a correctional officer at BJCC named Ken Lively used excessive force "[b]y pulling unusually hard on [his] handcuffs" as he was uncuffing Petitioner and "banging my face and forehead on the inside of the cell door . . . ." In his final document attached to the amended petition, Petitioner appears to again be complaining about the juvenile proceedings involving his son and he seeks reinstatement of his parental rights.

Petitioner claims he filled out Request to Staff and Grievance forms complaining about Officer Lively's "corporal punishment" on June 14, 2007. "Corporal Punishment,

---

[3] Actually, it appears Petitioner attached a total of 10 pages in three separate documents.

Racial Discrimination" Statement, pp. 1-2. He also contends that he could not get any medical treatment or ice for his injuries. Id. at 2. Petitioner further avers that he filled out two more Request to Staff and Grievance forms, but never heard anything about them. Id.

Additionally, Petitioner contends that he has been refused access to the law library and the Oklahoma Department of Corrections Operations Policies Manual, and has never been through orientation. Petitioner alleges he "was not taken seriously about my medical limitations" and was harassed "while using the bathroom" by D.I. Dennis Kilmer and given two Class A misconduct write-ups. Id. Petitioner contends that the "[r]acial [d]iscrimination and degradation as well as the verbal and physical abuse" that occurs at BJCC should be investigated, and that he was "unjustly written up" by Officer Lively and Dennis Kilmer. He further complains that both officers "went through my legal mail" and confiscated some of it. Id. at 3.

As relief, Petitioner requests: 1) "expungement" of the misconducts; 2) the criminal prosecution of various people involved in the juvenile proceedings and various Oklahoma Department of Corrections' officers; 3) monetary damages of $1,000,000 and $5,000,000 on the juvenile proceedings and $50,000 for his pain and suffering due to the actions of Officer Lively; 4) "immediate relief from [the] Oklahoma Department of Corrections," presumably including "expungement of criminal records" and "safe passage from the State of Oklahoma;" and 5) reinstatement of his parental rights.

3

## I. SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. An initial review of the petition reveals numerous deficiencies, a few of which are discussed herein. Accordingly, the petition should be dismissed upon filing.

## II. DISCUSSION

"A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, whereas a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. Id. at 811. "In contrast, a civil rights action attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." Id. at 812 (quotation and punctuation omitted). An attack on the constitutionality of the conditions of a prisoner's confinement is not cognizable in a habeas corpus proceeding and instead must be brought in a civil rights action initiated under 42 U.S.C. § 1983. See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000); see also Sherratt v. Friel, No. 07-4155, 2008 WL 313177, at *1 (10th Cir. Feb. 4, 2008) (affirming district court's dismissal of prisoner's suit brought pursuant to § 2254 that

complained about the constitutionality of prison conditions, noting that such claims should be brought in a § 1983 civil rights action).[4]

Insofar as the petition challenges the constitutionality of the conditions of confinement that Petitioner endured while housed at BJCC, the claims should be dismissed because they are cognizable only in a § 1983 civil rights action. See Rael, 223 F.3d at 1154; see also Sherratt v. Friel, No. 07-4155, 2008 WL 313177, at *1 (10th Cir. Feb. 4, 2008). The same is true to the extent that Petitioner has constitutional claims against child welfare officials, the district attorney and the judge in the juvenile proceeding. It is inappropriate here to recharacterize the petition as one arising under § 1983 because doing so "borders on advocacy," see Richards v. Bellmon, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991), and would enable Petitioner to circumvent the significant fee required to file a civil rights complaint.

The remainder of the petition is subject to dismissal on filing because Petitioner has not exhausted state remedies. Whether a habeas corpus suit is brought pursuant to § 2254 or § 2241, exhaustion of state remedies is generally required. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). The petitioner bears the burden to show that he has exhausted available state remedies. Cooper v. McKinna, No. 99-1437, 2000 WL 123753, at *1 ( 10th Cir. Feb. 2, 2000) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991), for the proposition that "a state prisoner bringing a federal habeas corpus action under either § 2241 or § 2254 bears the burden of showing he exhausted available state remedies."). To exhaust habeas claims, a state prisoner must give the state courts

---

[4] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

an opportunity to act on his claims prior to turning to the federal courts. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The exhaustion of state remedies includes both administrative and state court remedies." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).

Section 2254's exhaustion requirement is satisfied when a federal claim has been "fairly presented to the state courts," such that the state has had "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (quotation omitted); see also Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006), cert. denied, 127 S. Ct. 2117 (2007). On the petition form, Petitioner acknowledges that he did not directly appeal or collaterally attack his convictions or sentences in state court prior to filing the petition. Amended Petition, pp. 3-4. Thus, Petitioner has not "fairly presented" the substance of any constitutional claim attacking the validity of his conviction or sentence to the Oklahoma courts. Accordingly, to the extent the amended petition attacks Petitioner's criminal convictions and sentences, it is unexhausted.[5]

However, judging from the allegations in the statements attached to the amended petition, it appears that Petitioner does not truly intend to attack the validity of his convictions or sentences, and instead wishes to challenge his disciplinary write-ups, his lack of medical care and the juvenile proceedings involving his son. To the extent Petitioner is challenging his disciplinary write-ups, the action is in the nature of an attack

---

[5] It is noted that Petitioner has another "petition for a writ of habeas corpus" filed in this Court in which he lists the same three Oklahoma County cases as the convictions under attack. Case No. CIV-08-42-M.

on the execution of Petitioner's sentence, and thus construed as a habeas action pursuant to § 2241. See McIntosh, 115 F.3d at 811.[6]

Oklahoma Department of Corrections Operations Policy No. OP-060125(V) provides an inmate who has been convicted of a disciplinary offense with the right to appeal his conviction to the Facility Head or District Supervisor, and then the Director of the Department of Corrections. Where the revocation of earned time credits is involved, Oklahoma inmates may file an action pursuant to Okla. Stat. tit. 57, § 564.1 to obtain due process review of the conviction. Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007) (explaining that in light of the Oklahoma Legislature's passage of Okla. Stat. tit. 57, § 564.1, Oklahoma prisoners are no longer categorically excused from exhausting state court remedies before filing § 2241 proceedings as was held in Gamble v. Calbone, 375 F.3d 1021, 1026-27 (10th Cir. 2004)). It appears clear from the petition that Petitioner has not availed himself of his administrative or state remedies prior to bringing this suit.

Petitioner does not allege that he appealed his disciplinary convictions to the Facility Head, District Supervisor, or the Director of the Department of Corrections, and he does not contend that he filed an action in state court to lodge a due process challenge to his disciplinary proceedings. In fact, it is not even clear from Petitioner's allegations that he requested a disciplinary hearing after receiving misconduct write ups. Petitioner has not met his burden to show that he has exhausted his available administrative and state remedies.

---

[6] As noted earlier, to the extent he is seeking damages for the alleged violation of his constitutional rights during the juvenile proceedings, the action would more properly be brought under § 1983.

Petitioner does allege that he submitted several Grievance and Request to Staff forms complaining about Officer Lively's conduct and the failure of prison officials to provide medical care for the injuries he received as a result of Officer Lively's actions. These allegations pertain to whether Petitioner pursued administrative remedies for his excessive force and denial of adequate medical care conditions of confinement claims which, as noted earlier, must be brought in a § 1983 action. Therefore, these allegations have no bearing on whether Petitioner exhausted his administrative and state remedies for challenging disciplinary actions taken against him. Accordingly, they do not show that Petitioner exhausted his state or administrative remedies before bringing an action pursuant to § 2241.

Thus, whether Petitioner's claims are construed as brought pursuant to § 2254, as he has, or pursuant to § 2241, he has not exhausted available remedies. Additionally, to the extent Petitioner's claims attack the constitutionality of his conditions of confinement or seeks damages from the alleged denial of his constitutional rights in the juvenile proceedings, he must bring them in a § 1983 civil rights action. Accordingly, the petition should be dismissed on filing.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the amended petition for a writ of habeas corpus [Doc. No. 6] be dismissed upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 20, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and

Recommendation waives his right to appellate review of both factual and legal questions contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of Respondent at fhc.docket@oag. state.ok.us.  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of February, 2008.**

*/s/ Doyle W. Argo*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE